```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | : <br> : |
| v. | :   Civil Action No. DKC 16-1282 |
| SHIRAZ HASSANALI, et al. | : <br> : <br> : |

**MEMORANDUM OPINION and ORDER**

Pending before the court is a motion to vacate judgment filed pursuant to Rule 60(b)(5) by Plaintiff, Choice Hotels International, Inc. ("Plaintiff"). (ECF No. 17). Plaintiff advises that a settlement was reached for a portion of the judgment amount and requests the judgment be vacated as to Defendant Shebana Noorani but remain in full effect as to Defendants Shiraz Hassanli, Jane Kou, Mark Hsu, and Wayne Hsu. Pursuant to Rule 60(b)(5), a party may obtain relief from a judgment or final order where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

In this civil case, Plaintiff asked the court to confirm an arbitration award and to enter judgment holding five individuals, namely Shebana Noorani, Shiraz Hassanali, Jane Kou, Mark Hsu and Wayne Hsu ("Defendants"), jointly and severally

liable for the award amount of $147,316.74.  (ECF No. 1).  After Defendants failed to respond, the court entered judgment for Plaintiff, finding that there was a valid contract between the parties providing for arbitration and that the dispute resolved in the arbitration was within the scope of the arbitration clause.  (ECF No. 14).  Because all defendants failed to plead or otherwise challenge the award, the arbitration award was confirmed by default.

    Here, the court entered default judgment against the five Defendants *jointly and severally* as the arbitration award had stipulated and as Plaintiff had requested in its complaint.  Plaintiff now requests the judgment be vacated as to Defendant Noorani to account for a settlement between those two parties.  Plaintiff has not provided the amount of settlement and requests that the court leave the judgment in full effect as to the other Defendants.  Generally, however, payment of a judgment by one tortfeasor bars a plaintiff from recovery of the same judgment from another tortfeasor.  *See Underwood-Gary v. Mathews*, 366 Md. 660, 667-69 (2001) ("[D]ouble recovery for the same harm is not permissible."); MD Rule 2-626; *see also* Restatement (Third) of Torts § 25(b) (2000) ("When a judgment includes a determination of the entirety of recoverable damages suffered by the plaintiff for an indivisible injury and provides for their recovery by the

2

plaintiff against multiple defendants, payment by one or more judgment defendants of less than the full amount of the recoverable damages constitutes a reduction of the plaintiff's right to recover from the judgment defendants in the amount of the value of the payment."); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348 (1971). Because any amount paid by Defendant Noorani affects the amount remaining as to the others, Plaintiff will be required to supplement the motion with the amount satisfied by Defendant Noorani.

Accordingly, it is this 31st day of October, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff is directed to supplement its motion to vacate judgment as to Defendant Shebana Noorani within 14 days to include the amount satisfied so that the record reflects the amount remaining as to the other defendants;

2. The clerk will transmit copies of this Order to counsel for Plaintiff and to Defendants.

                /s/
              DEBORAH K. CHASANOW
              United States District Judge